CITY OF TRENTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CALVARY APOSTOLIC TEMPLE, INC., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 23, 1978—Decided February 27, 1979.

Before Judges FRITZ, BISCHOFF and MORGAN.

*Mr. Arthur R. Sypek, Jr.* argued the cause for appellant (*Messrs. Stockman, Mancino, Marinari, Smithson & O'Donnell,* attorneys).

*Mr. Peter E. Markens* argued the cause for respondent (*Mr. George T. Dougherty,* attorney).

PER CURIAM. The circumstances of this matter present a fascinating zoning problem already considered both by the planning board of the municipality on an application by defendant and by the Chancery Division of the Superior Court on an application of the municipality. Vital to an understanding of this appeal is a recognition from the outset that what is before us is not an appeal from the determination of either of these. Rather, we have an appeal from a *quasi*-criminal conviction predicated on two complaints in the municipal court, there dismissed but reinstated and sustained on the appeal to the County Court, and from substantial fines which followed.[1] The distinction is not only important: it is dispositive of the matter before us. Proof of the violations alleged must be beyond a reasonable doubt with respect to the violations charged in the municipal court. *State v. Loux,* 76 *N. J. Super.* 409 (App. Div. 1962). The canon is less demanding in the administrative process or civil action.

The two complaints — one by the zoning officer and one by the building inspector — leave less than wholly clear

---

[1] Possible double jeopardy considerations with respect to the appeal to the County Court by the municipality after dismissal in the municipal court have not been raised and we do not consider them. *State v. Currie,* 41 *N. J.* 531, 535 (1964). We would observe that while the dismissal in the municipal court was said to be because that court "has no jurisdiction" in the matter, that determination was made only after a plenary hearing on the merits and was accompanied by an announcement from the municipal judge that if there was to be an appeal, he proposed "to make an expanded findings of facts." See *State v. McKelvey,* 142 *N. J. Super.* 259 (App. Div. 1976).

the outer perimeters of that with which defendant is charged. Any problem thus presented was removed by the agreement of counsel at oral argument that guilt or innocence with respect to both complaints could be determined on the basis of use, *i. e.,* whether defendant's use of the premises was a continuation of a conceded prior nonconforming use without expansion or was rather a new or expanded use. The County Court judge first found that the municipal court judge erred in his conclusion that he did not have jurisdiction. Then he opined as follows:

> It is my finding that prior to its sale to the defendant on June 9, 1977, the use of the building at 159 Mercer Street by St. George's Greek Orthodox Church was that of a community center for the church's parishoners [*sic*] rather than that of a house of worship.
>
> The test for non conforming use is that the use must be substantially the same before and after the passage of the zoning ordinance. *State v. Wagner,* 81 *N. J. Super.* 206, 210 (Law Div. 1963).
>
> I am constrained to find, based upon the record and the law, that the defendant has failed to meet the test of non-conforming use, and, therefore, is guilty on all charges.

In effect, he held that a building used by a church as a community center, proximate to and in conjunction with the activities, religious and otherwise, of that church, and in which on at least one occasion worship services had been held, could not be used as a church by a church succeeding to the title of those premises (but not to those of the adjoining church) without thereby failing "to meet the test of non-conforming use."

We believe the question to be exquisitely close. Having due regard for the readily available civil remedies and with consideration of other fundamental tenets of criminal law applicable to *quasi*-criminal matters, we are satisfied that doubt engendered by the closeness of the question should be resolved in defendant's favor. *Cf. State v. P. T. & L. Construction Co., Inc.,* 77 *N. J.* 20, 31 (1978). Accordingly, we reverse and enter judgment for defendant.

It must be understood that we do not thereby decide the substantive issue in defendant's favor. We merely say that we are not satisfied beyond a reasonable doubt with respect to the proposition charged. And that a *quasi*-criminal proceeding "is a poor vehicle for a meaningful determination of these issues since only a penalty may be imposed." *Kearney v. Modern Transportation Co.,* 116 *N. J. Super.* 526, 530 (App. Div. 1971).

Reversed. No costs.