183 N.J. Super. 237 (1982)
443 A.2d 773
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SAMUEL WEIR, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 8, 1982.
Decided March 22, 1982.
*238 Before Judges ALLCORN, FRANCIS and MORTON I. GREENBERG.
*239 Norma F. Rosenbloom argued the cause for appellant (Karasic & Karasic, attorneys).
Lillian E. Harris argued the cause for respondent (Vernon, Whitmore & McGuire, attorneys).
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
This matter comes before the court on appeal from the Superior Court, Law Division, which at a trial de novo on the record on an appeal from the Municipal Court of the Borough of Monmouth Beach convicted defendant of four violations of Monmouth Beach municipal ordinances.[1] The four complaints charged one violation of the municipal land use and development ordinance by use of a building in a single-family residential zone at Ocean Avenue, Monmouth Beach, for a multi-family structure, and three violations of the same ordinance by permitting three apartments in the building to be occupied without occupancy permits. The complaints were signed by Louis Consentino, the municipal building inspector and zoning officer.
Plaintiff called only one witness in the municipal court, Consentino. On direct examination he testified that since 1972 he had been the municipal building inspector and zoning officer. He stated that on February 26, 1981 he inspected defendant's property at 1 Ocean Avenue. At that time he found the building divided into three separate apartments. The property was within an "A" residential district. There were no certificates of occupancy for the uses at the time of inspection. On cross-examination he said that his records indicated that defendant had purchased the property in 1973. Consentino said that he had first inspected the property in 1972, at which time it was *240 being used as a single-family dwelling. On further cross-examination he said that he really couldn't remember if there were separate living accommodations in the building. He said that the ordinance which defendant was violating had been adopted January 1, 1979. He later again indicated that he thought the property had been used as a single-family dwelling before 1979. He further indicated that numerous certificates of occupancy had been issued for the building in the past. Overall, his testimony did not present a clear picture of the use of the property before 1979.
Defendant's first witness was a Mrs. Helstrom.[2] She indicated that she was familiar with the property because her parents had purchased it in 1944 and had owned it for about 20 years. She frequently visited the property during that 20 years. She said it was "like a cook yourself hotel, motel." She said when her parents first acquired the property they lived in it. Other families also lived in the building. Some were related to her parents but some were not. The tenants paid rent. This usage continued for 20 years. At that time Helstrom and her sister and their respective husbands acquired the property. They sold it after two years. During the two years they used it as apartments.
Defendant testified. He said he acquired the property in 1973. Before the purchase he inspected it. It was divided into apartments but was in a run-down condition. It was not then occupied. Defendant fixed up the property. He started using it for multi-family purposes. There were numerous changes in the tenants. Ultimately he was refused certificates for occupancy. Remarkably, neither party introduced into evidence or asked the judge to take judicial notice of any zoning ordinance effective before 1979.
The municipal judge found defendant guilty. He stated that he had expected evidence of use during the period after Helstrom *241 sold the property and before defendant acquired it. In the absence of such proof there was a time when the evidence did not show that the multi-family usage continued. In these circumstances he found defendant guilty.
Defendant then appealed to the Superior Court, Law Division. The Superior Court judge, after hearing argument from counsel, gave an oral opinion. He reviewed the testimony. He stated, citing Heagen v. Allendale, 42 N.J. Super. 472 (App.Div. 1956), that the "initial burden" in a zoning case to justify a use inconsistent with the existing ordinance is upon the party asserting the legality of the use. The judge then held that plaintiff had proven beyond a reasonable doubt that the property was being used as a multi-family premises contrary to the existing ordinance. He indicated that the burden shifted to defendant to prove by a preponderance of the evidence that the property was being used in the same way when the ordinance was passed and that the use was lawful at that time. He pointed out that defendant had failed to present any evidence that the use of the building as a multi-family dwelling was lawful at any time prior to January 1, 1979. Accordingly, he found defendant guilty. Defendant appeals to us from that judgment of conviction.
The substantial question raised on this appeal relates to whether the property was a valid nonconforming use as a multi-family dwelling before January 1, 1979. It is clear from plaintiff's brief that it does not suggest that the property was not in fact being used for apartment purposes before that date. Rather plaintiff asserts that such use was not shown to be lawful.[3] The thrust of plaintiff's argument is that defendant had the obligation at trial to prove that his use of the property prior to 1979 was lawful.
*242 Heagen v. Allendale, supra, 42 N.J. Super. at 472, does not provide a precedent controlling in this litigation. There the court held that in a civil action the burden of proving the legality vel non of a nonconforming use is on the party who asserts that the use is legal. But in Heagen there was no dispute as to how the property had been zoned at all times. Indeed, it was agreed that from the time of the adoption of the original municipal zoning ordinance the property had always been zoned residential. The fact in dispute was whether the commercial use of the property being made by the landowner had existed prior to the adoption of the ordinance. Further, the action was brought by residents and property owners rather than the municipality itself. Obviously, even if Heagen had been concerned with a dispute over the terms of the prior ordinances as well as the use in fact of the property, the case would be distinguishable from this action. It is one thing in civil litigation between private parties to place the burden of proof as to the status of prior zoning on the landowner. It is quite another in a quasi-criminal action to place that burden on him, particularly when the municipality itself is prosecuting the case. Plainly the municipality should be able easily to supply its own ordinances.[4]
We hold that plaintiff had the obligation to prove that the multi-family usage prior to 1979 was unlawful. This action is quasi-criminal in nature. Accordingly, defendant can be found guilty only if proven guilty beyond a reasonable doubt. Belleville v. Parrillo's, Inc., 83 N.J. 309 (1980); Trenton v. Calvary Apostolic Temple, Inc., 166 N.J. Super. 145 (App.Div. 1979). Of course, the fact that the prosecution has this general *243 burden of proof does not mean that a rule of law could not place the burden of proof on a particular affirmative defense on defendant. See, e.g., N.J.S.A. 2C:1-13(b)(2); N.J.S.A. 2C:2-12; State v. Molnar, 81 N.J. 475, 492 (1980). Nevertheless, we are reluctant to do so since, notwithstanding the result we reach, plaintiff is free to bring a civil action for injunctive relief against defendant. Indeed we think ordinarily that a municipal court prosecution for an alleged ongoing violation of a zoning ordinance even though only limited relief is available in the action is intended primarily to terminate the use rather than to punish defendant for his prior conduct. The circumstances of this case involving a property clearly used for many years for multi-family purposes are such that it would have been preferable for plaintiff to have sought relief in a civil action. See Belleville v. Parrillo's, Inc., supra, 83 N.J. at 318-319; Trenton v. Calvary Apostolic Temple, Inc., supra, 166 N.J. Super. at 148. Since plaintiff chose to move against defendant in this quasi-criminal case and did not offer proof of its prior zoning ordinances on rebuttal, defendant should have been found not guilty. See Andover Tp. v. Lake, 89 N.J. Super. 313 (App.Div. 1965).
We are aware, of course, that three of defendant's convictions were for permitting three apartments to be occupied without occupancy permits. The facts as proven at trial did support the allegations of these complaints. Accordingly, it could be argued that the convictions on these complaints should stand notwithstanding plaintiff's failure to prove the prior zoning. Nevertheless, we are satisfied that all four convictions must be reversed. Plaintiff neither in its brief nor at oral argument suggested that even if it had the burden of proof to establish the prior zoning, the permit violation convictions should be affirmed. Rather, it treated the three complaints for permit violations as ancillary to the zoning question. In these circumstances so do we.
The judgments of conviction on all four complaints are reversed and the complaints are dismissed. Nothing herein contained is in any way to be a bar to or a defense in subsequent *244 civil proceedings. Nor are we to be understood to have held that defendant has a valid nonconforming use of his property.
NOTES
[1] The matter has been captioned since the outset with the State of New Jersey as plaintiff. We are of the view that since the violations alleged were of a municipal ordinance, the Borough of Monmouth Beach should have been named plaintiff. Nevertheless, we adjudicate the matter on the merits, treating the borough as plaintiff.
[2] Her first name is not given in the transcript.
[3] In the circumstances we need not consider the issue in this quasi-criminal action of who has the burden of proof to establish the use in fact prior to 1979. We are satisfied, in any event, that even assuming that defendant has both the obligation of going forward with evidence on the issue as well as the burden of persuasion on the point, that he carried the burden.
[4] In fact, in Heagen the municipality and several of its officials were defendants because plaintiffs sought to set aside an amendment to the zoning ordinance and because plaintiffs asked for an order compelling the officials to enforce the zoning ordinance against the other defendants. We perceive, however, that the result in Heagen was in no way dependent on the fact that there were public as well as private defendants. We further note that we are not to be understood as questioning the result in Heagen.