194 N.J. Super. 199 (1984)
476 A.2d 816
SIGMUND SHUPACK, CONSTRUCTION OFFICIAL OF THE TOWNSHIP OF HOWELL, AND THE TOWNSHIP OF HOWELL, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS-APPELLANTS, AND JOHN P. RENNA, COMMISSIONER, DEPARTMENT OF COMMUNITY AFFAIRS, STATE OF NEW JERSEY, INTERVENOR-APPELLANT,
v.
THE MANASQUAN RIVER REGIONAL SEWERAGE AUTHORITY AND ANSELMI AND DECICCO, INCORPORATED, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 4, 1984.
Decided June 13, 1984.
*200 Before Judges MORTON I. GREENBERG and TRAUTWEIN.
Francis C. Accisano argued the cause for appellants Sigmund Shupack and The Township of Howell.
John J. Chernoski, Deputy Attorney General, argued the cause for appellant John P. Renna, Commissioner of the Department of Community Affairs (Irwin I. Kimmelman, Attorney General, attorney; Deborah T. Poritz, Deputy Attorney General, of counsel; John J. Chernoski, on the brief).
Charles E. Starkey argued the cause for respondent The Manasquan River Regional Sewerage Authority (Starkey, Kelly, Blaney & White, attorneys).
No brief was filed on behalf of respondent Anselmi and DeCicco, Incorporated.
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
*201 This matter comes on before this court on appeal from a determination that defendant Manasquan River Regional Sewerage Authority (Authority) in constructing a sewerage pumping station need not comply with site plan and building permit requirements. The authority is organized under the Sewerage Authorities Law, N.J.S.A. 40:14A-1 et seq.[1]
In 1981 the Authority received approval from the United States Environmental Protection Agency (EPA) and permits from the New Jersey Department of Environmental Protection (DEP) to construct interceptor mains and pumping stations to treat sewerage generated in the Manasquan River basin. The project included construction of two pumping stations in Howell Township. Although it apparently believed it was not required to do so, the Authority as a matter of courtesy obtained construction permits and site plan approval from the township for one station now substantially completed. The site plan approval was provided for under a local ordinance. The construction permit was issued under the State Uniform Construction Code Act (N.J.S.A. 52:27D-119 et seq.) which is administered locally.
The Authority received bids for construction of the second station but could not award the contract without DEP and EPA authorization. One bid received from Anselmi and DeCicco, Inc. was approved by the Authority. Even though the Authority conceived that it was not required to obtain site plan approval for the project it sent plans for the station to the Howell Township Planning Board and indicated in its covering letter that it would "... consider any comments which the Planning Board may have on the subject pumping station site plan and construction details." On February 28, 1983 the DEP and EPA *202 authorized construction to begin under the Anselmi and DeCicco bid.
On March 8, 1983 the planning board responded to the Authority's letter of February 24, 1983. It requested the Authority to submit an application for approval of a site plan and conditional use. Despite its failure to obtain a site plan approval or a construction permit, the Authority through Anselmi and DeCicco, Inc. subsequently began construction on the project.
On June 20, 1983 plaintiff Sigmund Shupack, the construction official for Howell Township authorized to perform inspections and issue construction permits and certificates of occupancy, learned that notwithstanding the absence of site plan approval and construction permits, Anselmi and DeCicco, Inc. had begun construction on the pumping station. Thus on that day he issued a stop construction notice to Anselmi and DeCicco, Inc. On June 27, 1983 Anselmi and DeCicco, Inc. notified the Authority that if it continued work on the pumping station without site plan approval and a construction permit, fines of $500 per day could be assessed.
The construction plans were scheduled to be reviewed by the planning board during July 1983 but the review never occurred and thus approval was not granted. Nevertheless construction of the structure continued. On July 11, 1983 Shupack inspected the construction site of the pumping station and discovered that concrete footings, walks and floors had been installed.
On July 14, 1983 Shupack and Howell Township filed a complaint against the Authority and Anselmi and DeCicco, Inc. alleging that the pumping station was a building as defined in the State Uniform Construction Code and thus defendants were obligated to obtain a construction permit before beginning its construction. In addition plaintiffs charged defendants were obligated to obtain site plan approval under the Howell Township Land Use Ordinance adopted pursuant to N.J.S.A. 40:55D-37 before beginning construction. Plaintiffs stated that defendants *203 had not obtained the requisite approvals before beginning construction and thus plaintiffs had issued a stop construction order which defendants had disobeyed. Plaintiffs requested an injunction against further construction until the appropriate construction permit and site plan approval were secured. In addition plaintiffs sought penalties of $500 per day.
The matter was decided by the trial judge on July 26, 1983 in an oral opinion. He ruled that defendants were not obligated to obtain the permit and approval. He conceived that plaintiffs were attempting to enforce municipal ordinances preempted by the Sewerage Authorities Law, N.J.S.A. 40:14A-1 et seq. The judge also thought that enforcement of the site plan and building code requirements would violate the principles of Rutgers v. Piluso, 60 N.J. 142 (1972), which held that Rutgers, a state university, was not in a certain building project subject to a local zoning ordinance. On August 3, 1983 the judge entered an order reflecting his oral determination and plaintiffs have appealed from that order. Subsequently we granted a motion by the commissioner of the Department of Community Affairs permitting him to intervene as a plaintiff in this case.
On this appeal Shupack and Howell Township contend that the Sewerage Authorities Law (N.J.S.A. 40:14A-1 et seq.) does not exempt the Authority from obtaining site plan review and approval. In addition they, as well as the commissioner of the Department of Community Affairs, contend that the Authority must obtain a building permit for the pumping station pursuant to the State Uniform Construction Code Act (N.J.S.A. 52:27D-119 et seq.). The Authority contends that the construction of the pumping station is governed by the Water Pollution Control Act (N.J.S.A. 58:10A-1 et seq.) and the Sewerage Authorities Law (N.J.S.A. 40:14A-1 et seq.) which exempt it from the permit and approval requirements of any Howell Township ordinance.
The Sewerage Authorities Law is intended to bring about a reduction in pollution by the establishment of sewerage authorities *204 to construct treatment plants and related facilities. N.J.S.A. 40:14A-2; N.J.S.A. 40:14A-6. Before an authority may construct such facilities it must obtain the approval of the New Jersey Department of Environmental Protection under the Water Pollution Control Act. N.J.S.A. 58:10A-4; N.J.S.A. 58:10A-5. The purpose of the Water Pollution Control Act is to limit pollution. N.J.S.A. 58:10A-2. It is thus apparent that the purposes of the Sewerage Authorities Law and the Water Pollution Control Act are similar. But neither law is particularly concerned with the construction aspect of the facilities nor with aesthetic considerations in the sense that such matters are regulated by permits issued under the State Uniform Construction Code Act or site plan approval ordinances.
The purposes of site plan approval and building permit requirements are much different than the pollution control aspects of the Sewerage Authorities Law and the Water Pollution Control Act. Site plan approval is required to preserve natural resources on a construction site, ensure safe and efficient traffic flow, promote aesthetic considerations and safety, conserve energy and ensure essential services to residents and occupants. N.J.S.A. 40:55D-38; N.J.S.A. 40:55D-39; N.J.S.A. 40:55D-41. The State Uniform Construction Code Act requires a permit before construction or alteration of any building or structure as defined in the act. N.J.S.A. 52:27D-130; N.J.S.A. 52:27D-131. Such permits are required so that proper materials and construction methods are used in building. See N.J.S.A. 52:27D-120; N.J.A.C. 5:23-2.5. We are quite unable to see any inconsistency between the purposes of controlling pollution and those related to building permits and site plan approval. To the contrary an authority may comply with all of the building requirements in all three statutes and the ordinance. We further note that the Legislature excluded public school facilities from the definition of building and structure within the State Uniform Construction Code Act. N.J.S.A. 52:27D-121.[2] If it had so intended it could have excluded sewerage *205 projects. We therefore conclude that the Howell Township site plan approval ordinance has not been preempted by the Sewerage Authority Law and the Water Pollution Control Act. See Overlook Ter. Manage. v. Rent Control Bd. of W. New York, 71 N.J. 451 (1976). We further conclude that since there is no inconsistency between these laws and the requirement of a building permit under the State Uniform Construction Code Act, the Authority should have applied for a permit under the latter act.
We add a caveat to our opinion. In Rutgers v. Piluso, supra, 60 N.J. at 142, the court held that Rutgers "... was not to be thwarted or restricted by local land use regulations and that it is immune therefrom." Id. at 158. Here the State Uniform Construction Code and the local site plan ordinance are not being so used to thwart or restrict the Authority because they can co-exist with the Water Pollution Control Act and the Sewerage Authorities Law and we decide the case on that understanding. Thus we are not to be understood to approve any procedure relating to site plan approval or building permits that would interfere with the purposes of the project as authorized by the Water Pollution Control Act or the Sewerage Authorities Law. We note that Shupack and Howell Township disclaim any such purpose for in their brief they assert: "Secondly, the Plaintiffs have never taken nor do they take the position now that there is any power vested in the municipality to prohibit by zoning proscription the construction of the pumping station, including the building for which it is claimed site plan approval and construction permits should have been issued." In the unlikely event that in practice the purposes of water pollution control, site plan approval and building permit requirements cannot be reconciled, it may well be that the water pollution considerations will be deemed paramount. On the record there is no such conflict and accordingly we need not consider it.
Shupack and Howell Township in their brief ask that this court decide the appropriate law, grant them injunctive relief *206 and determine that the Authority is subject to fines for the illegal construction. The commissioner of the Department of Community Affairs asks only that we decide the law. We do not think that we should grant injunctive relief or authorize the assessment of penalties. We do not know the exact status of the project. An injunction could cause unnecessary damage to the Authority and perhaps to its contractors. Further the good faith of the Authority cannot be doubted for it has been proceeding in accordance with a decision of the trial court. In the circumstances it is questionable whether penalties would be appropriate. See State v. Weir, 183 N.J. Super. 237, 242-243 (App.Div. 1982). We go no further than to reverse the order of August 3, 1983. What other relief that may be appropriate we leave to the trial court.
The order of August 3, 1983 is reversed. The matter is remanded to the Superior Court, Law Division, Monmouth County, for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Some of the facts in this opinion are taken from the briefs and are not supported in the record. Nevertheless we include them inasmuch as it appears that the issues in this case are solely legal.
[2] By L. 1983, c. 496, § 1, this exclusion was removed.