CRABTREE, J.T.C.
Plaintiffs move in these farmland assessment cases for an order in limine precluding defendant from offering any evidence at the trial concerning plaintiffs’ alleged violation of defendant’s zoning ordinance. Defendant contends that plaintiffs’ failure to comply with zoning regulations constitutes a bar to assessment of plaintiffs’ property as farmland pursuant to N.J.S.A. 54:4-23.1 et seq., the Farmland Assessment Act of 1964 (the act).
The parties agree that defendant took no action against plaintiffs during all the years in issue to restrain or punish alleged violations of defendant’s zoning ordinance with respect to activities conducted by plaintiffs on the subject property.
The sole issue raised by plaintiffs’ motions is whether the use of land in a manner not expressly permitted by the applicable zoning ordinance precludes qualification of such land for favorable assessment under the act.
Land, at least five acres in area, actively devoted to agricultural or horticultural use, and which has been so devoted for the two years immediately preceding the tax year, is entitled to farmland assessment. N.J.S.A. 54:4-23.2. To be actively devoted to agricultural or horticultural use means gross sales averaging $500 a year plus $5 an acre for more than five acres for the two years immediately preceding the tax year or clear evidence of anticipated yearly gross sales in the stated amounts. N.J.S.A. 54:4-23.5. Land devoted to production for sale of trees and forest products, i.e., woodland, qualifies for farmland assessment. Urban Farms, Inc. v. Wayne Tp., 159 N.J.Super. 61, 386 A.2d 1357 (App.Div.1978).
For purposes of these motions, the court will assume that plaintiffs conduct a forest management program on their property and that trees and other forestry products are sold in such quantities and with such regularity that, defendant’s zoning ordinance aside, plaintiffs’ use of the property would entitle them to farmland assessment under the act. It should be clear, *415 however, that, if these cases proceed to trial, even if plaintiffs prevail on the instant motions, plaintiffs have the burden of establishing their right to farmland assessment.
In Byram Tp. v. Western World, Inc., 111 N.J. 222, 544 A.2d 37 (1988), a case involving the same taxpayers and the same property but for an earlier tax year, the Supreme Court held that the actual use of the property satisfied the standards of the act and that the use of the property in violation of a local zoning ordinance had not been established or properly adjudicated. Accordingly, the court held, taxpayers were entitled to farmland assessment.
The language of Justice Handler’s opinion is most instructive and is dispositive of the issue raised by plaintiffs’ motions:
We note, however, that our ruling today does not prevent the municipality from attempting to make a sufficient showing in later tax years, ...although we would anticipate that to the extent the Township seeks to deny farmland assessment because of zoning regulations, such violations would ordinarily be established in separate antecedent actions before appropriate tribunals____
In addition, we note that even absent the presumption in favor of the County Board, the Township still would have the burden of proving the illegality of taxpayers’ use. The Tax Court below assumed that the taxpayer had to prove the legality of their activities in order to qualify for farmland assessment, a misapprehension shared by other courts that have confronted this issue. See, e.g., Clearview, supra, 188 N.J.Super. [99] at 105 [456 A.2d 111]. Nothing in the Act requires the taxpayer affirmatively to prove the legality of the use of the property; it merely provides that on establishing the prerequisites of actual use for a sufficient period of time, resulting in a sufficient average income from agricultural activities, the property is entitled to farmland assessment. N.J.S. A. 54:4-23.2, 23.5. The focus of the statute is exclusively on the actual use of the property, [citations omitted] While this focus does not preempt a legitimate exercise by a municipality of its zoning power to prohibit such activity, this fact does not elevate the legality of the use to an element of the Act.
The Township’s legitimate interest in this proceeding is limited to preventing prohibited uses, not preventing the assessment of property as farmland ... [111 N.J. at 235-236, 544 A.2d 37; emphasis supplied]
*416 The case of Clearview Estates, Inc. v. Mountain Lakes Boro., 188 N.J.Super. 99, 456 A.2d 111 (App.Div.1982) has been regarded as standing for the proposition that lawful use of property devoted to agricultural or horticultural uses is a requirement for farmland assessment qualification. Arguably, that proposition may be regarded as dictum, as the court alluded to the fact that, by reason of a stop order issued by the municipality, the property owner was unable to comply with the requirement of active devotion to agricultural or horticultural use throughout the two-year period immediately preceding the tax year for which farmland assessment was sought. In any event, as will be seen from the reference to Clearview in Western World, Clearview Estates has been overruled.
Thus, it will be seen from the foregoing quotation from Western World that lawful use is not a requirement for farmland assessment qualification. As the Supreme Court pointed out, the municipality’s legitimate interest is limited to preventing prohibited uses, not in preventing assessment of property as farmland. The town may establish alleged zoning violations in a separate antecedent action, in which it may seek an injunction against continuing violations of its zoning ordinance, N.J.S.A. 40:55D-18; or it may prosecute the alleged zoning violation in municipal court in a quasi -criminal proceeding. See State v. PT & L Const. Co., 77 N.J. 20, 389 A.2d 448 (1978); State v. Weir, 183 N.J.Super. 237, 443 A.2d 773 (App.Div.1982). In the instant case defendant did not undertake, at any time pertinent, to enjoin plaintiffs’ activities conducted on the subject property as violations of defendant’s zoning ordinance; nor was any prosecution initiated in municipal court with respect to such violations. Under those circumstances, then, defendant will not be permitted to contest plaintiffs’ entitlement to farmland assessment for the years before the court on the ground of unlawful use.
The motions will be granted. Plaintiffs will prepare the appropriate order.