RIMM, J.T.C.
This is a local property tax matter in which plaintiff, claiming that she is the surviving spouse of a 100% permanently disabled veteran, seeks exemption from local property taxation for her home under N.J.S.A. 54:4-3.30(b). The subject property is a single family residence located at 300 West End Avenue, Neptune Township. The property is designated as block 302.21, lot 1 on the municipal tax map.
Plaintiff, Mary E. Jackson, married James Jackson on April 20, 1965. In December of 1967, they purchased the subject property and lived there together. They owned the property jointly, as tenants by the entirety. In June of 1972, the United States Veterans’ Administration declared James Jackson to be a 100% disabled veteran. As a result of that government declaration and *500 pursuant to N.J.S.A. 54:4-3.30(a), James Jackson’s residence became exempt from property taxes beginning in 1973 and was exempt for the tax year 1993.
By a deed dated January 21, 1993, James Jackson and Mary E. Jackson jointly conveyed the subject property to plaintiff, Mary E: Jackson, individually. On February 16,1993, after almost twenty-eight years of marriage, plaintiff obtained a divorce from bed and board from James Jackson pursuant to N.J.S.A. 2A:34-3. Both plaintiff and James Jackson continued to live together for at least some of the time until James Jackson’s death in April 1993. At the present time, plaintiff lives by herself in the subject property.
For the 1994 tax year, defendant, Township of Neptune, denied an exemption from local property taxation for plaintiffs property and assessed the subject property as follows:
Land $ 40,000
Improvements 91,800
Total $ 131,800
Plaintiff then filed a petition of appeal with the Monmouth County Board of Taxation seeking exemption for the subject property. In a memorandum of judgment dated June 28, 1994, the Monmouth County Board of Taxation denied plaintiffs exemption request. On an attached sheet explaining the basis for the judgment, the County Board noted that the marital home had been transferred to plaintiff in January of 1993.[1]
On September 13, 1994, plaintiff filed a complaint with the Tax Court of New Jersey demanding judgment exempting her property from local property taxes. On September 18, 1995, plaintiff filed a motion for summary judgment with the Tax Court, seeking a determination that the subject property is exempt from local property taxation under N.J.S.A. 54:4-3.30(b).
*501 In her motion for summary judgment, plaintiff asserts that there is only one legal issue before the court. Plaintiff claims that, while she did obtain a divorce from bed and board from James Jackson, the judgment had no effect on her legal status as James Jackson’s wife. Plaintiff argues that she is James Jackson’s widow and therefore qualifies for exemption under N.J.S.A. 54:4-3.30(b), as his surviving spouse.
Defendant does not dispute any of the facts in this case, but contends that there are two legal issues before the court. Defendant argues that, when plaintiff obtained the divorce from bed and board from James Jackson, she ceased to be his wife and cannot now qualify as his surviving spouse under the exemption statute. Defendant also contends that following the transfer of the subject property from the joint ownership of plaintiff and her husband to the sole ownership of plaintiff in January of 1993, the property no longer qualified for an exemption because it was no longer owned by a permanently disabled veteran. Defendant asserts that since there was no exemption available to James Jackson upon his death, there is no exemption available to plaintiff.
The Legislature has established both absolute divorce and divorce from bed and board in New Jersey. N.J.S.A. 2A:34-2 establishes the requirements for a judgment of absolute divorce. N.J.S.A. 2A:34-3 sets out the requirements for a judgment of divorce from bed and board. In Lavino v. Lavino, 23 N.J. 635, 130 A.2d 369 (1957), the New Jersey Supreme Court explained that the difference between the two types of divorce was that “[ajbsolute divorce dissolves the marital bond and all dower rights are barred. In [divorce from bed and board] the marital bond subsists____” Id. at 639, 130 A.2d 369 (citations omitted); Weinkrantz v. Weinkrantz 129 N.J.Super. 28, 32, 322 A.2d 184 (App. Div.1974); Mueller v. Mueller, 95 N.J.Super. 244, 247, 230 A.2d 534 (App.Div.1967) (“[D]ivorce from bed and board ... is not a true divorce since it does not dissolve the bonds of matrimony but merely decrees a judicial separation.”). Significantly, in order to remarry after having obtained a judgment of divorce from bed and *502 board, the parties must apply to the court for conversion of the bed and board divorce to an absolute divorce. See N.J.S.A. 2A.34-3; Rudin v. Rudin, 104 N.J.Eq. 524, 525, 146 A. 351 (Ch.1929).
The primary purpose for obtaining a divorce from bed and board is to terminate the marital obligations of cohabitation and support. Lavino, supra, 23 N.J. at 639, 130 A.2d 369. Divorce from bed and board is “[t]he closest analogy to a ‘legal separation’ provided in New Jersey divorce laws____” 1 Gary N. Skoloff & Laurence J. Cutler, New Jersey Family Law Practice § 2.6, at 585 (7th ed.1994). A married couple might choose to obtain a judgment of divorce from bed and board rather than an absolute divorce for religious reasons. They may no longer wish to live together, but their religious faith may prevent the couple from officially dissolving the bonds of matrimony.
Here, the facts before the court suggest that plaintiff and her husband obtained a divorce from bed and board in an attempt to protect plaintiffs rights to certain veteran-related benefits. These benefits included medical insurance, commissary rights, and the veteran’s dwelling tax exemption at issue in this case.
N.J.S.A 54:4-3.30, the veteran’s dwelling tax exemption statute, provides, in pertinent part, as follows:
a. The dwelling house and the lot or curtilage whereon the same is erected, of any citizen and resident of this State, now or hereafter honorably discharged or released under honorable circumstances, from active service, in time of war, in any branch of the Armed Forces of the United States who has been or shall be declared by the United States Veterans Administration or its successors to have a service-connected disability ... declared by the United States Veterans Administration or its successor to be a total or 100% permanent disability ... shall be exempt from taxation____
b. The surviving spouse of any such citizen and resident of this State who at the time of death was entitled to the exemption provided under this act, shall be entitled, on proper claim made therefor, to the same exemption as the deceased had, during the surviving spouse’s widowhood or widowerhood, as the case may be, and while a resident of this State, for the time that the surviving spouse is the legal owner thereof and actually occupies the said dwelling house or any other dwelling house thereafter acquired.
Since its enactment in 1948, N.J.S.A 54:4-30 has undergone ten different amendments by the Legislature. The most recent *503 amendment occurred in 1985. At no time has the Legislature ever indicated that a divorce from bed and board disqualified the spouse of a veteran from exemption under this provision. This treatment is unlike that accorded by the Legislature to spouses who have obtained divorces from bed and board and who seek an elective share from a deceased spouse’s estate. Under those circumstances, the Legislature made clear through N.J.S.A. 3B:8-1 that, where a married couple obtains a judgment of divorce from bed and board and the couple has “ceased to cohabit as man and wife,” the surviving spouse cannot qualify for a right of election from the estate of the deceased spouse in New Jersey.[2] That provision was enacted in 1981. Similarly, in N.J.S.A 54:4-3.30, the Legislature could have provided for the disqualification from exemption of a surviving spouse who had obtained a divorce from bed and board. The Legislature has not made that choice.
Given the historical notion recognized by New Jersey courts that a divorce from bed and board does not break the bonds of matrimony, as well as the lack of any specific statutory disqualification, I find that plaintiff would be the surviving spouse of James Jackson for the purposes of N.J.S.A 54:4-3.30.
Nevertheless, despite what would be plaintiffs status as a surviving spouse under the exemption statute, I still must deny exemption in this case. By the January 21, 1993 deed, plaintiff and her husband transferred the subject property from their joint ownership as tenants by the entirety to the sole ownership of *504 plaintiff. After that transfer took place, James Jackson no longer owned the subject property, and the property no longer qualified for exemption from local property taxation. Since James Jackson no longer had the right to an exemption, there was no exemption to transfer to plaintiff upon James Jackson’s death. Cf. Garma v. Lakewood Tp., 14 N.J.Tax 1 (Tax 1994) (holding that since the New Jersey exemption was not available to the husband at the time of his death, it is not available to the surviving spouse).
In General Trading Co. v. Director, Div. of Taxation, 83 N.J. 122, 416 A.2d 37 (1980), dealing with a case under the Corporation Business Tax Act, N.J.S.A 54:10A-1 to -10, the New Jersey Supreme Court explained that “a voluntary business decision ‘is to be given its tax effect in accord with what actually occurred and not in accord with what might have occurred.’ ” Id. at 136, 416 A.2d 37 (quoting Commissioner v. National Alfalfa Dehydrating and Milling Co., 417 U.S. 134, 148, 94 S.Ct. 2129, 2137, 40 L.Ed.2d 717, 727 (1974)). There is no reason why the same concept should not apply to local property taxation under Title 54. See Cigolini Assocs. v. Fairview Bor., 208 N.J.Super. 654, 665, 506 A.2d 811 (App.Div.1986) (holding that taxpayer was required to bear the property tax consequences of its voluntary business decision to convert a building from apartments to condominiums.).
Here, plaintiff arid her husband structured their affairs in a way that precludes exemption under N. J.S.A. 54:4-3.30(b). “It is generally accepted that exemptions from local property taxation must be strictly construed because an exemption from taxation is a departure from the equitable principle that all taxpayers should bear their just and equal share of the public burden of taxation.” St. Luke’s Village Inc. v. Peapack & Gladstone Bor., 11 N.J.Tax 76, 80 (Tax 1990) (citing Princeton Univ. Press v. Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961)). Cf. Cheyenne Corp. v. Byram Tp., 248 N.J.Super. 588, 594, 591 A.2d 991 (App.Div.1991) (holding that because taxpayers chose to utilize different corporate' structures to purchase and hold separate tracts of land, they could not aggregate income from'the separate tracts to qualify for farmland assessment).
*505 Plaintiffs motion for summary judgment is denied. Further, since there is no dispute as to the quantum of the assessment, and, since it has now been determined that plaintiff is not entitled to the exemption that she claims, no further proceedings are necessary in this case. Thus, the complaint is dismissed and judgment will be entered accordingly.

 The actual form of the County Board judgment appears to be in error. The municipality has in fact assessed the property for $131,800 for the 1994 tax year. Both parties agree that the correct result of the County Board judgment was to sustain that assessment. Therefore, the issue before the court is plaintiff's right to have her property exempted from local property taxation for 1994.

 N.J.S.A. 3B:8-1 provides in full as follows:
Elective share of surviving spouse of person dying domiciled in this State; conditions
If a married person dies domiciled in this State, on or after May 28, 1980, the surviving spouse has a right of election to take an elective share of one-third of the augmented estate under the limitations and conditions hereinafter stated, provided that at the time of death the decedent and the surviving spouse had not been living separate and apart in different habitations or had not ceased to cohabit as man and wife, either as the result of judgment of divorce from bed and board or under circumstances which would have given rise to a cause of action for divorce or nullity of marriage to a decedent prior to his death under the laws of this State.