SMALL, P.J.T.C.
This is a case under the Farmland Assessment Act, N.J.S.A. 54:4-23.1 to -23.24. The issue raised is whether a less than five-acre parcel of land may be aggregated with adjacent parcels for purposes of meeting the Farmland Assessment Act’s requirement of a minimum of five acres actively devoted to agricultural use (N.J.S.A 54:4-23.2) where title to the subject parcel is held separately from title to the two adjacent parcels.
For the year 2000, the subject parcel Block 1, Lot 46 in Millville with a street address of 36 Sugarman Avenue was assessed as follows:
Land $19,700
Improvements 59,900
Total $79,600
An application was made for farmland assessment and denied by the assessor of Millville. An appeal was taken to the Cumberland County Board of Taxation, which reduced the assessment to:
Land $ 8,000
Improvements 59,900
Total ■ $67,900
finding that the land was entitled to farmland assessment. The City brought this appeal.
The facts are not in dispute. Roger Ruske does business as Cumberland Nurseries. Cumberland Nurseries is a wholesale nursery. Mr. Ruske has been in business since 1967 and now cultivates approximately 270 acres in connection with his business. His son, Christopher, is the manager of Cumberland Nurseries. The subject parcel is between four and five acres and has a house on it in which Christopher lives. Title to the subject property is held by Roger and Christopher Ruske as tenants-in-common. Lot 48 is owned by Roger and his wife, Margaret, as tenants-in-common and consists of twenty-two acres. Lot 47 is owned by Mrs. Vaughnie Wilton, a widow, and leased to Roger and Christopher Ruske under a five-year lease subject to renewal. It is not *331 disputed that the three parcels are all used in the work of Cumberland Nurseries. All three parcels are cultivated, and meet the minimum income requirements of the Farmland Assessment Act. Together they meet the minimum five acre requirement. Lots 47 and 48 individually meet the five-acre requirement. However, the subject parcel, lot 46, is less than five acres. Although Roger Ruske is a common owner in this parcel and the twenty-two acre lot 48, his co-owner in each parcel is different.
N.J.S.A. 54:4-23.2 requires that:
For general property tax purposes, the value of land, not less than 5 acres . shall be that value which such land has for agricultural or horticultural use.
[N.J.S.A 54:4-23.2 (emphasis added.)]
The case on wilich the taxpayer relies is Shein v. North Brunswick Tp., 9 N.J.Tax 1 (Tax 1986). In that case, three lots which were each less than five acres, but the total of which exceeded five acres, were held by individuals, with regard to two lots, and a corporation, with regal’d to the third lot. Id. at 3-4. There was no dispute that the lots comprised a single economic unit and were farmed in compliance with the Farmland Assessment Act’s requirements of use, total acreage, and gross income. Id. at 4.
The municipality argued that the lot owned by the corporation could not be aggregated with the other two lots because there was not identical ownership of five acres. Id. at 5. In a carefully reasoned opinion, Judge Andrew explained that what controlled qualification for farmland assessment was me not ownership. Id. at 5-7. Despite the fact that the parcels were not in common ownership, the fact that they were part of a single economic unit and farmed as a single economic unit resulted in their qualification for farmland assessment. Id. at 10. The plaintiff, in this case, the City of Millville, tries to distinguish Shein from the case before me and relies on Cheyenne Corp. v. Byram Tp., 248 N.J.Super. 588, 591 A.2d 991 (App.Div.1991).
In Cheyenne Corp., the taxpayer argued that separate legal ownership does not preclude aggregating acreage and income to meet the requirements of farmland assessment. In that case, two *332 separate, but related, corporations owned each of two parcels and the income of one corporation was not sufficient to satisfy the minimum average income requirement contained in the Farmland Assessment Act. The income of the two corporations combined was sufficient to meet the statutory standards. See Cheyenne Corp. v. Byram Tp., supra, 248 N.J.Super. at 590-91, 591 A.2d 991. The Appellate Division found that common ownership was necessary; it discussed the opinion in Shein v. North Brunswick Tp. and concluded by saying that, to the extent that the Tax Court’s opinion in Shein can be interpreted to conflict with the Appellate Division’s holding in Cheyenne Corp., the Shein opinion was disapproved. Id. at 594, 591 A.2d 991. The Appellate Division explained that:
The taxpayers’ reliance on Shein v. North Brunswick Tp., 9 N.J.Tax 1 (Tax Ct.1986) is misplaced. That case concerned three lots which were farmed by a family as a single “economic and functional unit.” Id. at 4. One of the lots was owned by a defunct corporation whose stock was, in turn, owned by the same family. There had been a bona fide attempt to convey the land to the family by the corporation, but the deed was defective. Id. at 3. Under these highly unusual circumstances, the Tax Court held that the lot technically owned by the skeleton corporation could be considered as belonging to the family to satisfy the Act’s minimum acreage requirement. Id. at 8. We do not read Shein as supporting the broad proposition urged by the taxpayers in this case, ie., that acreage and income can be aggregated where separate parcels are owned individually by more than one distinct jural entity. Where taxpayers have chosen to utilize different corporate structures to purchase and hold separate tracts of land, we discern no basis to disregard the distinct legal entities so created. See State Dept. of Environ. Protect, v. Ventron Corp., 94 N.J. 473, 500, 468 A.2d 150 (1983). To the extent that the Tax Court’s opinion in Shein can be interpreted to conflict with our holding here, it is disapproved.
[/bid]
Title to the two parcels in this case is held by Mr. Ruske and his son (lot 46) and by Mr. Ruske and his wife (lot 48). Despite the common ownership of Mr. Ruske, the owners are two distinct legal title holders, just as two corporations with common shareholders are distinct legal entities.
Thus, while the Tax Court’s ruling in Shein, supra, suggests a ruling in taxpayer’s favor in this case, the Appellate Division’s opinion in Cheyenne Corp., supra, which I am bound to follow, compels a finding that ownership as well as use is important to qualify for favorable tax assessment under the Farmland Assess *333 ment Act. In distinguishing Cheyenne Corj). from Shein, the Appellate Division pointed to the dangers of allowing the aggregation of small parcels in terms of qualification for preferential taxation under the Farmland Assessment Act:
The Tax Court’s interpretation of the statutory income requirement tends to subvert these legislative objectives. The danger is that owners of small parcels will attempt to aggregate their separately owned lands to meet the five acre minimum requirement, and combine their earnings to satisfy the income qualifications. This will encourage suburban sprawl rather than ameliorate problems of urban growth in rural areas. Perhaps promotion of suburban farming is a worthwhile objective. However, this was not the purpose of the Legislature in enacting the Farmland Assessment Act,.
[Cheyenne Corp., supra, 248 N.J.Super. at 598, 591 A.2d 991.]
Although such harm is not part of the ease before me, granting farmland assessment in this case would, in other cases, permit such sprawl-supporting development.
 One presumption and one cannon of statutory construction with regard to taxation are relevant to my analysis and conclusion. There is a presumption that all taxpayers must bear their fair burden of taxation; taxation is the norm and exemption the exception. See City of New Brunswick v. Rutgers Community Health Plan, Inc., 7 N.J.Tax 491, 498 (Tax 1985); see also Jackson v. Neptune Tp., 15 N.J.Tax 498, 504 (Tax 1996) (citation omitted) (explaining that “exemptions from local property taxation must be strictly construed because an exemption from taxation is a departure from the equitable principle that all taxpayers should bear their just and equal share of the public burden of taxation”). Tax consequences must follow the formal actions that taxpayers take. General Trading Co., Inc. v. Director, Div. of Taxation, 83 N.J. 122, 136-37, 416 A.2d 37 (1980).
In this case, Roger Ruske has chosen to own a less than five-acre parcel with his son and an adjacent parcel with his wife. Whether there are income tax, estate planning, or other reasons which led to this choice, the facts are that lot 46 is less than five acres, is not in common ownership with either of the two adjacent parcels, and cannot enjoy the benefits of farmland assessment if I am to follow the ruling in Cheyenne Corp. v. Byram Tp., supra, 248 N.J.Super. 588, 591 A.2d 991.
*334 Obviously, the loss of farmland assessment in this particular case can be avoided by, for example, transferring the subject property to Roger Ruske and his wife or by adding adequate acreage from lot 48 to lot 46, so that lot 46 would meet the minimum acreage requirements for farmland assessment. But until that is done, the subject property is not eligible for farmland assessment, and the action of the Cumberland County Board of Taxation must be reversed. Tax consequences cannot follow what the taxpayer might have done. General Trading Co., supra, 83 N.J. at 136-37, 416 A.2d 37 (citations omitted).
The court will enter judgment restoring the original assessment.