SMALL, P.J.T.C.
The plaintiff has made a motion for summary judgment declaring it to be entitled to a tax exemption for the tax years 2005 and 2006. For the reasons expressed below, I will deny plaintiffs motion for summary judgment without prejudice to its right to prove that it is entitled to the exemption.
*529 Neighbors of the subject property, currently zoned residential, are fearful that its use might change. Prior to its current use, it was used as a residence for nuns teaching at the Oak Knoll School located on a contiguous lot in the City of Summit. At some point prior to 2005, the use of the property as a residence for nuns ceased. Plaintiffs tax exemption for the year 2005 was revoked by way of the imposition of an omitted assessment (entered on the added assessment list pursuant to N.J.S.A. 54:4-68.26), and its application for tax exempt status in 2006 was denied by way of the municipality’s assessment of the property as non-exempt. Separate from this proceeding, the plaintiff, Oak Knoll School, has applied for a variance to use the property as a school or for school-related uses.
Nothing excites passion in New Jersey so much as land use disputes. The plaintiff and the neighbors of the subject property whose interests are being prosecuted by the City have chosen to do battle in both the land use and tax forums.
The motion before this court by the plaintiff seeks to preserve its tax exemption while its land use dispute goes forward. Plaintiff concedes, for purposes of this motion, that its current use of the property is not permitted under the City’s zoning ordinances. At the same time plaintiff asserts that even if its use of the property violates the zoning ordinance, that land use violation does not result in its loss of a tax exemption so long as the use of the property is consistent with the uses under N.J.S.A 54:4-3.6 which would qualify the property for tax exemption. For purposes of this motion, the City concedes that the uses of the property meet the requirements of N.J.S.A. 54:4-3.6.
The plaintiff is the owner of real property in the City of Summit on which the Oak Knoll School is located. There is no dispute that the property on which the main body of the school is located, Lots 3 and 4 in Block 8103 of the tax map of Summit, is exempt from taxation. The dispute between the parties in this case relates to Lot 1 in Block 3103, 76 Prospect Street, which is adjacent to the main school campus. For the years in question it was assessed as follows:
*530 2006
Land $328,200
Improvements 596,200
Total $924,400
2005 (Omitted Assessment)
Land & Improvements $924,400
For 12 months
Total $924,400
The subject lot is 36,634 square feet and is improved with a building of approximately 4,574 square feet. Until the year 2000, the building was used as a residence for nuns. Subsequent to that date, the building has been used for educational and school-related purposes other than as a residence. Initially, the defendant, City of Summit, argued that under N.J.S.A. 54:4-3.6 the building’s use did not qualify as an educational use for purpose of tax exemption because it was vacant and unused. Subsequent refinement of the issue to be presented to this court for purposes of this motion has led to the City’s concession that the actual use of the subject property would qualify as educational. Nevertheless, the City argues that a tax exemption is inappropriate because the actual use of the property violates the zoning ordinance of Summit, and that violation of the zoning ordinance prevents this court from finding, as a matter of law, that the property is tax exempt. For purposes of resolving this case, I must determine two issues: (1) is the use of the property a violation of the zoning ordinance? and (2) if the use violates the zoning ordinance, does that violation require that I deny the tax exemption? For purposes of this motion, I must assume that the use of the property, although consistent with exempt use under N.J.S.A. 54:4-3.6, violates the zoning ordinance of the City of Summit. I find that the law of New Jersey deals with violations of the zoning ordinance with remedies other than denial of tax exemption. I find that in a case such as this, the use of the property in violation of the zoning ordinance will result in a denial of its tax exemption. Only if the plaintiff can prove at trial, in a motion which addresses the zoning issue, or *531 from a determination in a separate land use proceeding that its use of the property is a permitted use under the City’s ordinance can the property enjoy the tax exemption for schools provided by N.J.S.A. 54:4-3.6.
The fundamental arguments made by the parties are as follows. The defendant municipality argues that tax exemption is a benefit confeired by the state, that the plaintiffs use of the property violates the zoning ordinance, and therefore the benefit of a tax exemption should not be granted to an entity whose qualifying use of the property violates the land use laws and ordinances of the state or municipal government. The plaintiff taxpayer argues that although its use of the property fails to comply with the municipal zoning ordinances, that unpermitted use cannot be remedied by denial of a tax benefit conferred by other laws. The violation of the zoning ordinance should be dealt with in a collateral proceeding, but zoning ordinances should not be enforced by the denial of tax exemptions.
Plaintiff argues that it should be entitled to a variance for the use of the subject property as a school. The property which is the subject of this appeal does not separately meet the minimum size and street frontage requirements for a school under Summit’s zoning ordinance. Plaintiff argues that because it operates the subject property in conjunction with the contiguous main campus of the Oak Knoll School, which meets all of the ordinance’s requirements for school use and is currently legally operated as a school, plaintiff is entitled to a use variance. That issue, however, is not before this court in connection with the current motion and 1 must, for purposes of this motion, resolve that land use/zoning issue in favor of the non-moving party, the City of Summit. If subsequently tried in this court or another forum it might be detei-mined that plaintiff is entitled to such a variance and in that ease it would be entitled to the requested exemption. But resolving that issue, the legality of school use of the subject property, against the plaintiff, as I must for purposes of this motion, compels a legal conclusion that summary judgment cannot be granted for plaintiff.
*532 This appears to be a case of first impression in New Jersey. The case law in New Jersey, after a period of confusing development, now is clear with regard to the failure to meet local land use requirements when farmland assessment is sought. For preferential farmland assessment under N.J.S.A. 54:4-23.1 to -23.23 (“The Farmland Assessment Act”), “property used in violation of a municipality’s zoning ordinance cannot qualify for farmland assessment.” Cheyenne Corp. v. Tp. of Byram, 248 N.J.Super. 588, 595, 591 A.2d 991 (App.Div.1991), citing and referring to Clearview Estates, Inc. v. Mountain Lakes Bor., 188 N.J.Super. 99, 456 A.2d 111 (App.Div.1982) and Byrum Tp. v. Western World, Inc., 111 N.J. 222, 544 A.2d 37 (1988). Does this established law with regard to farmland assessment under The Farmland Assessment Act directly translate into the law with regard to exemptions under N.J.S.A. 54:4-3.6? I hold that it does, and thus I am compelled to deny plaintiffs motion for summary judgment. Plaintiff is free to assert at trial in either this court or in another proceeding the legality of its use of the property as a school under the local zoning ordinance. “[O]rdinarily zoning violations should be tried in a tribunal other than the Tax Court.” Cheyenne Corp., supra, 248 N.J.Super. at 596, 591 A.2d 991. “Nevertheless ... a violation of the municipality’s zoning ordinance is cognizable in the Tax Court in determining farmland assessment qualification even in the absence of a separate antecedent action.” Ibid.
I find no basis for distinguishing the rule as to disqualification for preferential farmland taxation because of non-permitted use under a municipal zoning ordinance from the disqualification of school use (or other uses set forth in N.J.S.A. 54:4-3.6) for preferential exemption from taxation because of non-permitted use under municipal zoning ordinances.
The leading case on this issue is Byram Tp. v. Western World Inc., 111 N.J. 222, 544 A.2d 37 (1988). Although that case dealt with farmland assessment under The Farmland Assessment Act as opposed to exemptions under N.J.S.A. 54:4-3.6, the principles and issue involved are the same. If the use of a property necessary to qualify that property for preferential tax assessment *533 is a use not permitted by local land use laws, may the land still enjoy preferential tax treatment?
In that case, our Supreme Court determined that if the actual use of the land qualified for preferential tax treatment and the municipality had failed to prove, despite its allegations, that the qualifying use was illegal (a violation of the zoning ordinances) then the judgment of the county board of taxation allowing the preferential treatment must be affirmed. Byram, 111 N.J. at 237, 544 A.2d 37. Here, for purposes of this motion, plaintiff concedes that the qualifying use violates the zoning ordinance. Does that make a difference?
In a related and subsequent case, Cheyenne Corp. v. Tp. of Byram, 248 N.J.Super. 588, 591 A.2d 991 (App.Div.1991), certif. denied, 137 N.J. 312, 645 A.2d 140 (1994), the Tax Court had ruled that “lawful use [of property] is not a requirement for farmland assessment qualifications.” 10 N.J.Tax 412, 416 (Tax 1989), cited at 248 N.J.Super, at 596, 591 A.2d 991. The Appellate Division rejected the Tax Court’s interpretation of the Supreme Court’s ruling in Byram Tp. v. Western World that it effectively barred “a municipality from denying farmland assessment on the basis that agriculture or horticulture is not a permitted use under its zoning ordinance.” Cheyenne, 248 N.J.Super, at 595, 591 A.2d 991. The Appellate Division unequivocally stated, “We disagree with this interpretation.” Ibid. Thus, the difference between this case and the Western World and Cheyenne cases is that in this case it is admitted that the use of the subject property is not in compliance with the local zoning ordinance — in those cases it was (a) at first disputed and (b) subsequently presented as an issue as to whether the municipality could even assert that the use was illegal. Relying on earlier cases, the latter Appellate Division opinion restated that “land used in violation of the local zoning ordinance can [not] qualify for farmland assessment.” Ibid., quoting Clearview Estates, Inc. v. Mountain Lakes Bor., 188 N.J.Super. 99, 105, 456 A.2d 111 (App.Div.1982).
This court discussed the possibility that unpermitted use under the zoning ordinance might result in the loss of preferential *534 farmland assessment in Sudler Lakewood Land LLC v. Lakewood Tp., 18 N.J.Tax 451, 460-63 (Tax 1999). However, the facts in that case and the discussion by this court indicated that the first and only time the municipality raised the issue of unpermitted use was in the context of the farmland assessment dispute. In this case, the municipality’s attempt to deal with the zoning ordinance violation is separate even though it appears to have followed the municipality’s revocation of the property’s tax exempt status and the filing of the within matter. The land use dispute is now proceeding separately from the tax dispute, and for purposes of this motion the plaintiff has conceded the illegality of the qualifying use under N.J.S.A. 54:4-3.6. The ruling in Sudler v. Lakewood does not undercut the essential holding of Cheyenne Corp. v. Tp. of Byram, that a use in violation of the local zoning ordinance will result in the loss of preferential tax treatment. 248 N.J.Super. 588, 591 A.2d 991 (App.Div.1991).
Oak Knoll virtually concedes that the law in this State with regard to farmland assessment is that a property qualifying by its use for farmland assessment will be denied that preferential assessment if the actual use of the property is in violation of the zoning ordinances. However, plaintiff argues that farmland assessment rules are distinguishable from rules applying to tax exempt entities seeking exemption. If it is an exempt use as opposed to a profitable farm use that violates the zoning ordinance, that prohibited exempt use will not, plaintiff argues, prevent the property from enjoying preferential tax treatment. Plaintiff cites other states’ case law to support that position.[1]
*535 The plaintiff argues that the law under The Farmland Assessment Act which has been interpreted by our courts to deny favored tax treatment when the qualifying use violates local zoning ordinances is not applicable in the context of tax exemptions under N.J.S.A. 54:4-3.6. Plaintiff discusses several distinctions between the two statutes:
(1) Under The Farmland Assessment Art the landowner must, make a profit. Under N.J.S.A. 54:4-3.6 the landowner may not make a profit.[2]
(2) The Farmland Assessment Act grants abatement (reduced taxes) whereas N.J.S.A. 54:4-3.6 grants a complete tax exemption.
(3) Farmland assessment has as its purpose the preservation of the family farm and open spaces. The objective of N.J.S.A. 54:4-3.6 is to encourage use of property which relieves the state of an obligation.
(4) The current use of the subject property is quiet and benign as opposed to the intrusive uses of forestry and farming dealt with in the cited farmland assessment cases.
Although some of these comparisons are flawed, to the extent that they are accurate they are distinctions without legal significance to the core issue before me in this motion: may a property whose use meets the standards of the statute granting favored tax treatment (be it exemption under N.J.S.A. 54:4-3.6 or abatement under The Farmland Assessment Act) enjoy that favored treatment if that use violates the local zoning ordinances? Our higher courts have now held that such favored treatment is prohibited under The Farmland Assessment Act except perhaps when the use violating the zoning or other land use ordinances is only de miniums. See e.g., Mt. Hope Mining Co. v. Tp. of Rockaway, 8 N.J.Tax 570, *536 579-81 (Tax 1986) and cases there cited. I find that the distinctions drawn by the plaintiff are neither legally nor logically persuasive. To hold that this illegally used property is entitled to a tax exemption would require the adoption of logic inconsistent with the logic adopted by our higher courts under The Farmland Assessment Act.
For the above-stated reasons, plaintiffs motion for summary judgment is denied.

 Several courts have addressed the issue of whether the violation of land use laws may result in the loss of tax exemption of a property otherwise qualified for the exemption. The unique fact patterns of each of those cases, the fact that many were resolved on procedural and evidentiary rules (such as who had the burden of proof), and the state specific statutes make the reasoning of those cases of little assistance as persuasive authority for the law in New Jersey. The following cases have held that a zoning violation will result in the loss of the exemption. Christian Benevolent Assoc. of Greater Cincinnati v. Limbach, 69 Ohio St.3d 296, 631 N.E.2d 1034 (1994); Robbins v. Yusem, 559 So.2d 1185 (Ct.App.Fl.1990); Colella v. Bd. of Assessors of the County of Nassau, 266 A.D.2d 286, 698 N.Y.S.2d 291 (2nd Dept.1999). The following cases have concluded *535 that the land use violation will not affect the exempt status of the property. Pittsburgh v. Bd. of Prop. Assessment, Appeals & Review of the County of Allegheny, 50 Pa.Cmwlth. 25, 412 A.2d 661 (1980); Wadsworth Atheneum v. City of Hartford, No. cv 940538328S, 1995 WL 806930 (Conn.Super.Ct.1995). Berlin v. Gaines Tp., 130 Mich.App. 337, 343 N.W.2d 544 (1983). For the reasons more fully developed in the body of this opinion, I conclude that following the precedent of New Jersey law with regard to farmland assessments and land use laws is of greater assistance in determining the law oi New Jersey on this issue.

 Technically, the Farmland Assessment Act requires that a taxpayer seeking farmland assessment have minimum gross receipts, not that it has receipts in excess of expenses (a profit). The exemption statute has no prohibition on gross receipts, but only requires that any surpluses of receipts over expenses not benefit private interests.