NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**KATHI F. FIAMINGO**
JUDGE

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 EXT 38303**

May 4, 2021

Edward H. Hill, Esq.
Law Office of Louis G. Guzzo
89 N. Haddon Avenue
Camden, New Jersey 08033

Nancy Smith, Esq.
108 Caspian Ave.
Atlantic City, New Jersey 08401

> Re: Geneva and Preston Neal v. Lawnside Borough
> Docket No. 012813-2020

Dear Counsel:

This matter is before the court on defendant's motion for summary judgment to dismiss plaintiff's complaint and plaintiff's cross motion for summary judgment. Plaintiff timely filed an appeal of the Camden County Tax Board's decision denying plaintiff the exemption from tax for real property owned by the surviving spouse of a qualified veteran. The Court grants defendant's motion and dismisses plaintiff's complaint. Although plaintiff's deceased spouse was an honorably discharged veteran who was declared 100% disabled by the Veteran's Administration, he did not own the subject premises or any other dwelling house at the time of his death. As a result the deceased veteran had no exemption that could be claimed by plaintiff as a surviving spouse.









Findings of Fact[1] and Procedural History

Plaintiff Geneva Neal ("plaintiff") and Clyde Neal, Sr., ("decedent") husband and wife acquired the real property known as 144 East Charleston Avenue, Lawnside, Camden County, New Jersey, also known as Tax Lot 5 in Block 1008 on the Tax Map ("subject property") on or about June 21, 1957. In or about 2004 decedent applied for and was granted a real property tax exemption pursuant to N.J.S.A. 54:4-3.30(a), available to a veteran declared by the United States Veterans Administration to have a 100% service-connected disability.[2] On or about July 26, 2013 plaintiff and decedent sold the subject property, at which time the exemption ceased.[3] Plaintiff and decedent continued to reside in the State of New Jersey until decedent's death on January 14, 2016, however decedent did not own any real property in the State after the sale of the subject property. Thus at the time of his death, there was no real property tax exemption in effect as a result of decedent's status as a qualified veteran.

On August 30, 2019, more than two and one-half years after decedent's death, plaintiff and her son, Preston Neal, purchased the subject property as tenants in common. On or about September 10, 2019, plaintiff applied for exemption from tax as the surviving spouse of a 100% disabled veteran. The application was denied on November 6, 2019. Plaintiff and Preston Neal appealed the denial to the Camden County Board of Taxation which affirmed the denial. Plaintiff and Preston Neal then timely filed the within complaint with the Tax Court.[4]

---

[1] The findings of fact are based on the statements of material fact submitted in support of the motion and cross-motion for summary judgment.

[2] On May 6, 2004, decedent was declared to have a 100% service-connected disability.

[3] Plaintiff and decedent sold the subject property to their son, Michael and his wife, Karen by deed dated July 26, 2013.

[4] Plaintiff appealed only the denial of the veteran's exemption and did not otherwise contest the assessment of the subject property.

On March 25, 2021, defendant filed the within motion for summary judgment. Plaintiff filed opposition and a cross-motion for summary judgment on April 15, 2021. The court heard oral argument on April 30, 2021.

<u>Legal Analysis</u>

**1. Standard of Review**

<u>R.</u> 4:46-2(c) provides the standard to be applied in motions for summary judgment, stating, in pertinent part, as follows:

> [J]udgment…shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact. <u>R.</u> 4:46(c).

The trial court's "function is not . . . to weigh the evidence and determine the truth . . . but to determine whether there is a genuine issue for trial." <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 N.J. 520, 540 (1995) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986)). The trial judge must consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational fact finder to resolve the alleged disputed issue in favor of the non-moving party." <u>Ibid.</u>

A motion for summary judgment should be denied when the party opposing the motion submits credible evidence that creates a genuine issue as to any material fact. <u>Brill</u>, 142 N.J. at 529. A court should only grant summary judgment "when the evidence 'is so one-sided that one party must prevail as a matter of law.'" <u>Id.</u>, 142 N.J. at 540 (citing <u>Anderson v.</u>, 477 U.S. at 250). "[T]he party defending against a motion for summary judgment cannot defeat the motion unless it

provides specific facts that show the case presents a genuine issue of material fact, such that a jury might return a verdict in its favor." School Alliance Ins. Fund v. Fama Constr. Co., 353 N.J. Super. 131, 135-136 (Law Div. 2001) (citing Anderson, 477 U.S. at 256-57). All material facts submitted by the movant which are sufficiently supported are to be deemed admitted unless the other party specifically disputes such facts. See R. 4:46-2(b).

Here, there is no dispute of material fact. Rather, the only issue is whether, under the facts presented, plaintiff qualifies for the exemption under N.J.S.A. 54:4-3.30(b)(1).

## 2. Conclusions of Law

"Tax exemption statutes are strictly construed, and the burden of proving entitlement to an exemption is on the party seeking it." Abunda Life Church of Body, Mind & Spirit v. City of Asbury Park, 18 N.J. Tax 483, 485 (App. Div. 1999) (citing New Jersey Carpenters Apprentice Training and Educ. Fund v. Borough of Kenilworth, 147 N.J. 171, 177-78 (1996); Princeton Univ. Press v. Borough of Princeton, 35 N.J. 209, 214 (1961)).

The New Jersey Constitution provides for special tax treatment for property owned by certain veterans of war. Specifically, it provides:

> Any citizen and resident of this State now or hereafter honorably discharged or released under honorable circumstances from active service in time of war in any branch of the armed forces of the United States, shall be exempt from taxation on real and personal property to an aggregate assessed valuation not exceeding five hundred dollars, which exemption shall not be altered or repealed. Any person hereinabove described who has been or shall be declared by the United States Veterans Administration, or its successor, to have a service-connected disability, shall be entitled to such further

4

exemption from taxation as from time to time may be provided by law.

[N.J. Const. art. VIII, § 1, ¶ 3.]

The N.J. Legislature, in partial recognition of the foregoing Constitutional provision, enacted N.J.S.A. 54:4-3.30 which provides, in part, that:

> The dwelling house and the lot or curtilage whereon the same is erected, of any citizen and resident of this State, now or hereafter honorably discharged or released under honorable circumstances, from active service, in time of war, in any branch of the Armed Forces of the United States, who has been or shall be declared by the United States Veterans Administration or its successor to have a service-connected disability . . . declared by the United States Veterans Administration or its successor to be a total or 100% permanent disability. . . shall be exempt from taxation on proper claim made therefore.

> [N.J.S.A. 54:4-3.30(a)]

A "dwelling house" for the purposes of the exemption is "any one-family building or structure or any unit of a horizontal property regime … or any unit of a condominium property … owned and occupied by a claimant as his legal residence in this State…." N.J.S.A. 54-4-3.33.

In addition to the exemption granted to a disabled veteran, the Legislature provided that the disabled veteran's surviving spouse was to be permitted the continuation of the exemption upon the veteran's death under certain prescribed circumstances.

> The surviving spouse of any [disabled veteran qualifying under N.J.S.A. 54:4-3.30(a)], who at the time of death was entitled to the exemption provided under this act, shall be entitled, on proper claim made therefor, *to the same exemption as the deceased had*, during the surviving spouse's widowhood or widowerhood, as the case may be, and while a resident of this State, for the time that the surviving

5

spouse is the legal owner thereof and actually occupies the said dwelling house or any other dwelling house thereafter acquired.

[N.J.S.A. 54:4-3.30(b)(1) (emphasis added)]

In order to qualify for the exemption, an applicant must demonstrate that he or she is the surviving spouse and unremarried widow of a qualifying disabled veteran and

> (1) that the deceased veteran was entitled to the exemption at the time of [the decedent's] death; (2) that [the surviving spouse] is the legal owner of the subject property (or replacement property) for the year under review; (3) that [the surviving spouse] is a resident of this State; and (4) that [the surviving spouse] actually occupies the dwelling house (or replacement dwelling). Upon such a demonstration, [the surviving spouse] is entitled to the "same exemption as the deceased had".

> [Hays v. Paramus Borough, 28 N.J. Tax 342, 355 (2015)]

Here, plaintiff argues that she has satisfied all of the requirements set forth in the form application for exemption, Form D.V.S.S.E., which required that she demonstrate that (1) she was the surviving spouse of an honorably discharged disabled veteran and had not remarried; (2) the decedent had active war time service in a recognized conflict – the Korean War; (3) the decedent had been declared 100% disabled; (4) she owned the subject property which is a one-family home and that plaintiff occupied "all of it" as her principal residence[5]; and (5) plaintiff is a citizen and resident of the State of New Jersey and decedent was a citizen and resident of the State at the time of his death. Plaintiff thus argues that there is no requirement that the decedent have owned the subject property, or any other real property in the State of New Jersey at the time of his death, in order that she, as the surviving spouse of a 100% disable veteran, be entitled to the exemption from property tax.

---

[5] The exemption application indicates that she and Preston Neal own 100% of the subject property. It appears that plaintiff is a 50% tenant in common in the subject property. At oral argument plaintiff concedes that any exemption would be limited to 50%.

Plaintiff argues that she is entitled to exemption, simply as a result of being a surviving spouse of a qualifying veteran. The court disagrees. The statute requires both that the veteran be a qualifying veteran, and that there be a dwelling house to which the exemption can attach. While the decedent was clearly entitled to make a claim for an exemption, and plaintiff has established her status as a qualifying surviving spouse, at the time of the death of the decedent he owned no property for which the claim could be made, and thus he had no exemption to which plaintiff, as surviving spouse is entitled.

Jackson v. Neptune Tp., 15 N.J. Tax 498 (Tax 1966) is illustrative. There the deceased veteran and his spouse resided in real property which they originally purchased as joint tenants by the entirety. After being declared a 100% disabled veteran, an exemption was granted with respect to the real property. Some years later, title to the real property was conveyed by the veteran and his spouse to the spouse only. After the veteran's death, the surviving spouse claimed an exemption as a surviving spouse. The court first found that the surviving spouse did not lose her status as surviving spouse despite the entry of a divorce from bed and board which had been entered. Thereafter, however, the court found that the fact that the veteran "no longer owned the subject property, and the property no longer qualified for exemption from local property taxation. Since [the veteran] no longer had the right to an exemption, there was no exemption to transfer to [the surviving spouse] upon [the veteran's death]." Id. at 504.

As in Jackson the statute permitting the continued exemption to a surviving spouse requires that the qualifying veteran both be 100% disabled and that the veteran "at the time of death [be] entitled to the exemption under this act." N.J.S.A. 54:4-3.30(b)(1). In order to have been entitled to an exemption, real property must have been the "dwelling house" of the disabled veteran. N.J.S.A. 54:4-3.30(a). The term "dwelling house" is defined as "any one-family building . . .

7

*owned and occupied by a claimant as a legal residence in this State….*" N.J.S.A. 54:4-3.33 (emphasis added). At the time of his death, decedent owned no real property in the State of New Jersey and could not have qualified for an exemption on the subject property, or any other property. Thus, there was no exemption to which the deceased veteran was entitled at his death under N.J.S.A. 54:4-3.30(a) and to which the surviving spouse could make claim pursuant to N.J.S.A. 54:4-3.30(b)(1).

Plaintiff's reliance on N.J.S.A. 54:4-3.30(b)(2) for support is misplaced. The referenced provision is inapplicable to the facts before the court. Plaintiff's claim is squarely within the provisions of N.J.S.A. 54:4-3.30(b)(1). Although the court is not convinced that plaintiff's interpretation of N.J.S.A. 54:4-3.30(b)(2) (that a veteran declared disabled posthumously need not have an interest in real property at the time of death) is correct, the court need not address issues which are not before it.

N.J.S.A. 54:4-3.30(b)(1) is applicable here and clearly and expressly requires that the deceased veteran be entitled to the exemption "at the time of death." It further provides that the surviving spouse will be entitled "to the same exemption as the deceased had." Here at the time of death the deceased, although entitled to claim an exemption, had none and thus there is no exemption to which the surviving spouse may succeed. Expansion of the construction of the statute in the manner suggested by plaintiff is both unwarranted and contrary to settled law. See Abunda Life Church, 18 N.J. Tax 483, 485.

<u>Conclusion</u>

For the reasons set forth herein, defendant's motion for summary judgment is granted. Plaintiff's complaint is dismissed with prejudice. Plaintiff's cross-motion for summary judgment is denied.

Very truly yours,

/s/ Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.