PER CURIAM.
This is an appeal by defendant Township of Bloomfield (Township) from a summary judgment entered on February 16, 2001, declaring that plaintiff Job Haines Home for the Aged, Inc. (plaintiff) is entitled to exempt its property located at Block 103, Lot 41.01 in the Township of Bloomfield (the property) from local property taxation for the 2000 tax year. The facts underlying the appeal are detailed in the reported opinion of the Tax Court in Job Haines Home for the Aged v. Township of Bloomfield, 19 N.J.Tax 408 (Tax Ct.2001), and we need not repeat them here. Suffice to say, since 1971 plaintiff, a not-for-profit New Jersey corporation, has operated a Skilled Nursing Facility and Residential Health Care Facility on the property. The property has been exempt from local property taxes for those uses since that time.[1] In 1999, plaintiff commenced making improvements to the property, including construction of an assisted living facility to be integrated into the already existing facilities. On October 1, 1999, the relevant valuation date for the tax year 2000, the assisted living facility was still under construction. Relying on N.J.S.A. 54:4-3.6, the Township imposed a partial assessment on the property of $1,250,000, because the facility was not at the time in “actual use.”
Plaintiff filed an appeal in the Tax Court on March 30, 2000, contending that the assisted living facility constituted an exempt hospital purpose as defined in N.J.S.A. 54:4-3.6. On July 14, 2000, *139 plaintiff filed a motion for summary judgment, and the Township cross-moved for summary judgment “in opposition to plaintiffs motion.”
In a written decision issued on February 16, 2001, the Tax Court determined that plaintiff was entitled to a “continued exempt character” exception to the “actual use” requirement of N.J.S.A. 54:4-3.6 because plaintiff had “merely constructed an addition to an already exempt structure” which “ha[d] been exempt from local property taxation since at least 1971.” Consequently, the court granted plaintiffs motion for summary judgment and denied the Township’s motion.
On appeal, the Township argues that the trial court incorrectly determined that the “continued exempt character” exception to the actual and exclusive use requirement of N.J.S.A 54:4-3.6 applies to the property because (1) the building was under construction, incomplete, and not in actual use as of October 1, 1999; (2) the assisted living facility is not an “addition to an already tax exempt structure” but a “new use” which is “separate and distinct from the pre-existing exempt use”; and (3) the exception to the actual use requirement applies only “in the unusual circumstances where previously exempt improvements are rendered unusable by ‘man-made disaster or by an act of God.’ ”
In addition, the Township maintains that the trial court erred in summarily granting plaintiff a property tax exemption because discovery was not complete, asserting it was entitled to further discovery to determine whether the assisted living facility is operated for profit. The Township also argues that the trial court erred in concluding that the Township could rely on the added assessment law, N.J.S.A. 54:4-23, to recapture lost tax dollars if the assisted living facility, once completed, fails to qualify for a local property tax exemption.
After careful review of the record and consideration of defendant’s arguments in the light of applicable law, we conclude that the Township’s arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:ll-3(e)(l)(E). We affirm *140 substantially for the reasons stated by Judge Kahn in his comprehensive written decision dated February 16, 2001.
Affirmed.

 At oral argument before us, plaintiffs counsel represented that an assisted living unit had pre-existed the construction at issue on this appeal. That fact was not presented to the trial court and, therefore, we do not consider it on appeal.