**TAX COURT OF NEW JERSEY**

**JOSEPH M. ANDRESINI, P.J.T.C.**
PRESIDING JUDGE



125 State Street, Suite 100
Hackensack, NJ 07601
Tel: (609)815-2922 ex. 54570
Fax: (201)996-8052

**NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

March 29, 2019

Brian M. Chewcaskie, Esq.
Cleary, Giacobbe, Alfieri, Jacobs, LLC
169 Ramapo Valley Road, UL 105
Oakland, New Jersey 07436

Mark E. Leibman, Esq.
Kaufman, Semeraro & Leibman, LLP
Two Executive Drive – Suite 530
Fort Lee, New Jersey 07024

> Re:  Chai Lifeline, Inc. v. Township of Mahwah
> Docket Nos. 010004-2016, 012599-2017, and 012127-2018

Dear Counsel:

This letter constitutes the court's findings of fact and conclusions of law regarding the Township of Mahwah's motion and Chai Lifeline, Inc.'s cross-motion for summary judgment. At issue is whether or not the subject property is exempt from taxation under N.J.S.A. 54:4-3.6. For the reasons stated more fully below, summary judgment is granted in favor of Chai Lifeline, Inc. and the Township of Mahwah's motion is denied.

\*

## FINDINGS OF FACT AND PROCEDURAL HISTORY

The court makes the following findings of fact based on the parties' written submissions as well as oral argument heard on February 15, 2019. R. 1.7-4. The material facts of this case are not in dispute.

Plaintiff Chai Lifeline, Inc. ("Chai Lifeline") is the owner of real property in the Township of Mahwah ("Township"). The property, a single family residence, is designated by the Township as Block 25, Lot 28 and is commonly known as 1058 Ramapo Valley Road, Mahwah, New Jersey ("subject property").

Chai Lifeline is a non-profit organization with a principal place of business of 151 West 30th Street, New York, New York. Chai Lifeline's programs include: hospital and home-based services like meal support and transportation; camps for children with terminal illness; counseling for families who have lost a child or other family member to a terminal illness; annual retreats for families with a terminally ill child; and crisis intervention. Chai Lifeline offers its programs in all 50 States, Canada, Israel, and the United Kingdom.

With regard to the current matter, Chai Lifeline specifically uses the subject property to assist families with children that are suffering from life-threatening or very serious illnesses. The organization permits one such family at a time to use the subject as a temporary escape from their tragic situation.[1] All expenses associated with the property are paid for by Chai Lifeline. Donors absorb the full cost of maintaining and managing the subject property. No fees whatsoever are charged to the families that use the subject property.

---

[1] According to Chai Lifeline's Executive Director, the single family home is "stocked with materials designed and intended to draw families in crisis together, such as family board games, toys, and other materials to encourage families to heal, communicate and recuperate." The subject property's accommodations also include a swimming pool, walking paths, and other outdoor activities.

Chai Lifeline requested that the Township's tax assessor grant tax-exempt status for tax years 2016, 2017, and 2018.[2] In a letter dated January 25, 2017, the tax assessor denied Chai Lifeline's exemption request for tax year 2017. The tax assessor's denial letter reasons, in relevant part:

> Through my research and review of this application, I have discovered a judgment from September 2, 2014 by the Appellate Division of the Superior Court of New Jersey. This judgment affirmed a previous decision by Judge Carver on March 11, 2013, who dismissed the complaint filed by Chai Lifeline where they sought to overturn the Mahwah Zoning Board's 2011 decision to deny Chai Lifeline's application to use the single-family home as a retreat for clients.[3]

The tax assessor further certifies that while he had been "advised that the property owner continues to use this single family home as a 'retreat', that use is not permitted by a court of competent jurisdiction and hence, in [his] estimation, the illegal use of the property cannot be deemed actual use" for the purpose of satisfying the exemption statute.[4] The property tax assessment on the subject property for tax years 2016, 2017, and 2018 was set at $502,600 for the land and $357,600 for improvements, for a total assessment of $860,200. Thereafter, Chai Lifeline timely filed appeals to the Bergen County Board of Taxation for each of the foregoing tax years, and subsequently filed timely appeals to this court.

On September 26, 2018, the Township filed a motion for summary judgment seeking an Order from this court declaring that plaintiff is not entitled to a real property tax exemption under N.J.S.A. 54:4-3.6. In support of its motion, the Township relies on case law pertaining to farmland assessment. Specifically, the New Jersey Supreme Court has addressed whether

---

[2] These requests were delivered to the tax assessor by way of letters dated September 24, 2015, October 17, 2016, and September 22, 2017 respectively. Chai Lifeline's exemption requests for tax years 2016 and 2018 were ignored outright.
[3] See Chai Lifeline, Inc. v. Twp. of Mahwah, 2014 N.J. Super. Unpub. LEXIS 2146. This unpublished case is cited for the purpose of identifying the judgment referred to by the tax assessor and not for its precedential value.
[4] N.J.S.A. 54:4-3.6

3

property that is otherwise qualified for farmland assessment could nonetheless be denied such favorable treatment if used in violation of a municipal zoning ordinance. Byram Township v. Western World, 111 N.J. 222 (1988). Noting that the property "clearly qualified for farmlands assessment," the Court reversed the decision of the Tax Court that denied the assessment because "the taxpayers' use of their property for the production and sale of trees and forest products was a prohibited use under the Township's zoning ordinance." Id. at 230-31. The Court held that "in the "absence of any proper adjudication that the use of such property was itself unlawful," the farmland assessment should be reinstated. Id. at 237. Accordingly, the Township argues that because Chai Lifeline's use of the property has actually been deemed unlawful by both the Trial Court and Appellate Division, Mahwah has met its burden of establishing that Chai Lifeline's use of the property is not permitted. As a consequence, Chai Lifeline is not entitled to its requested tax exemption.[5]

In a January 10, 2019 filing, Chai Lifeline opposed the Township's motion and cross-moved for summary judgment seeking an Order from this court granting Chai Lifeline its requested real property tax exemption under N.J.S.A. 54:4-3.6. In opposition to the defendant's motion, Chai Lifeline argues that the Township "erroneously conflates farm land assessments with tax exemption despite the clear language found in our case law that these are not equivalent."[6] Plaintiff states that "[t]o the extent that the Township of Mahwah believes that a zoning violation is taking place, the Township is free to issue summonses or litigate that matter in the appropriate forum."

---

[5] The Township's tax assessor certifies: "[w]hile I have been advised that the property owner continues to use this single family home as a 'retreat', that use is not permitted by a court of competent jurisdiction and hence, in my estimation, the illegal use of the property cannot be deemed actual use." It is unclear, however, as to why the Township has allowed plaintiff to continue its "illegal" use of the subject property unbothered.

[6] See discussion of Society of the Holy Child Jesus v. City of Summit, 418 N.J. Super. 365, 386 (App. Div. 2011), supra pp. 7-8.

In support of its cross-motion for summary judgment, Chai Lifeline maintains that it is entitled property tax exemption because the organization exists for the purposes of: (1) "establishing moral and financial support to assist the needy and disabled regardless of race or religion"; (2) "giving moral support to the terminally ill and their family members without regard to race or religion"; and (3) "providing funding to organizations with similar purposes to [p]laintiff."

The Township submitted a letter reply brief on January 16, 2019 reiterating its position that because the Trial Court and Appellate Division have determined that the use of plaintiff's property is unlawful, Chai Lifeline is not entitled to its requested property tax exemption. The next day, on January 17, 2019, Chai Lifeline submitted opposition noting that by conflating property tax exemption requirements with those qualifications used to determine whether or not property is entitled to a farmland assessment, the Township "seeks to overturn long standing law." Finally, on February 15, 2019, this court heard oral arguments on the defendant's motion and plaintiff's cross-motion. During the hearing, the court adduced from the parties that despite judgments from both the Trial Court and Appellate Division declaring that the use of the subject property violated a zoning ordinance, the Township has declined to act and has allowed Chai Lifeline to provide its services at the subject property uninterrupted.

**CONCLUSIONS OF LAW**

**I. This Matter Can be Disposed of by Way of Summary Judgment Motion**

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). An genuine issue of fact exists "only if,

5

considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Ibid.

Although the evidence is to be viewed most favorably toward the non-moving party, summary judgment may not be denied simply because the non-movant demonstrates the existence of a disputed fact. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540-41 (1995). Rather, denial is only appropriate where the evidence is of such a quality and quantity that reasonable minds could return a finding favorable to the party opposing the motion. Id. at 540.

In the present matter, both parties have filed motions for summary judgment. "Cross motions do not warrant granting summary judgment unless one of the moving parties is entitled to judgment as a matter of law. Cross motions for summary judgment do not preclude the existence of issues of fact." O'Keeffe v. Snyder, 83 N.J. 478, 487 (1980). Here, no genuine issue of material fact exists in the record to preclude summary judgment and one party is entitled to judgment as a matter of law. The court finds that this matter is ripe for summary judgment.

## II. Chai Lifeline is Entitled to its Requested Property Tax Exemption

The New Jersey Constitution requires all real property to be assessed for taxation under general laws and by uniform rules. N.J. Const. art. VIII § I, para. 2. Exclusion from taxation may only be granted by a general law. Twp. of Teaneck v. Lutheran Bible Inst., 20 N.J. 86, 90 (1955). The burden is on the applicant for exemption to demonstrate that the criteria is met. Ibid. N.J.S.A. 54:4-3.6 explicitly lists persons and property exempt from taxation property. In pertinent part, the statute proves:

> The following property shall be exempt from taxation under this chapter:… all buildings actually used in the work of associations and corporations organized exclusively for *the moral and mental improvement of men, women and children*… [and] all buildings

6

actually used in the work of associations and corporations organized exclusively for… *charitable purposes*[.]… [T]he land whereon any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned and to no other purpose and does not exceed five acres in extent[.]…The foregoing exemption shall apply only where the association, corporation or institution claiming the exemptions owns the property in question and is organized under the laws of this State…

[N.J.S.A. 54:4-3.6 (emphasis added)]

In order to qualify for a real property tax exemption under N.J.S.A. 54:4-3.6, an organization must meet the following three criteria: "(1) it must be organized exclusively for the moral and mental improvement of men, women and children; (2) its property must be actually and exclusively used for the tax-exempt purpose; and (3) its operation and use of its property must not be conducted for profit." Paper Mill Playhouse v. Millburn Township, 95 N.J. 503, 518 (1984). Moreover, the property must meet all three of these criteria as of October 1 of the pre-tax year in order to qualify for tax-exemption. Job Haines Home for the Aged v. Bloomfield, 19 N.J. Tax 408, 417 (Tax 2001), *aff'd* 20 N.J. Tax 137 (App. Div. 2002).

The entirety of the Township's argument in support of its motion for summary judgment revolves around the supposed failure of Chai Lifeline to satisfy the second "use" prong of the Paper Mill Playhouse test. Neither the Township's paper submissions nor oral arguments challenge Chai Lifeline's ability to satisfy the first or third prong. Accordingly, the court will only briefly touch upon the first and third prongs and instead focus the majority of its analysis on the second "use" prong of the Paper Mill Playhouse test.

**1. Chai Lifeline is Organized Exclusively for the Moral and Mental Improvement of Men, Women and Children**

Recently, the New Jersey Supreme Court has given the courts guiding principles to utilize in making the fact-sensitive determination as to what constitutes "moral and mental improvement" and/or "charitable purpose." Advance Housing, Inc. v. Township of Teaneck, 215 N.J. 549, 572 (2013). "Although all relevant considerations cannot be captured by any list given the ever-changing scenarios that will arise, and although each consideration may not necessarily deserve the same weight," provided are six factors to be considered in exemption challenges: (1) whether the charitable work spares the government some expense; (2) whether the entity could be said to be engaged in a commercial enterprise; (3) whether the property is used in a manner that furthers its charitable purpose; (4) whether the receipt of funds from a government entity is in contradiction to the charitable purpose; (5) whether the State in which the entity resides has recognized the entity or provided financial support; and (6) whether the entity's use of the property is carrying out important and legitimate governmental concerns. Ibid.

As a non-profit organization, Chai Lifeline: provides moral and financial support to assist the needy and disabled regardless of race or religion; gives moral support to the terminally ill and their family members without regard to race or religion; and provides funding to organizations with similar purposes. Chai Lifeline services include: camps for children suffering from terminal illness; counseling for families who have lost a child or family member to terminal illness; annual retreats for families with a terminally ill child; crisis intervention; and hospital and home-based services like meal support and transportation. With the Advance Housing, Inc. factors in mind, this court finds that Chai Lifeline's activity is consistent with "moral and mental improvement" under the exemption statute. The first prong of the Paper Mill Playhouse test is satisfied.

8

**2. Irrespective of any Court Determined or Otherwise Existing Zoning Violation, the Subject Property is Actually and Exclusively used by Chai Lifeline for the Tax-Exempt Purpose**

Property is actually used for a tax-exempt purpose if it is "reasonably necessary" to carry out the moral and mental improvement objectives of the organization. City of Long Branch v. Monmouth Med. Ctr., 138 N.J. Super. 524, 532 (App. Div. 1976), *aff'd o.b.*, 73 N.J. 179 (1977). However, in applying this test, "reasonably necessary" does not equate to "absolutely indispensable." Boys' Club of Clifton, Inc. v. Twp. of Jefferson, 72 N.J. 389, 401 (1977). When the issue is whether a building is reasonably necessary for the tax-exempt purpose, the use of that building should be evaluated in terms of how it serves the particular organization. Id. at 401-02. For example, "[t]he eating, sleeping and medical quarters, as well as the surrounding land [of a boys' camp], are all integrated components necessary for the proper operation of the camp." Ibid. Likewise, a medical center that provided housing for hospital personnel could claim the property tax exemption for staff housing facilities because the buildings enabled the hospital to recruit qualified personnel and to house them in close proximity to the hospital, all of which allowed the medical center to "function properly and efficiently." City of Long Branch, at 533.

Plaintiff is correct in stating that the Township "erroneously conflates farm land assessments with tax exemption despite the clear language found in our case law that these are not equivalent." Unlike the farmland assessment statute, N.J.S.A. 54:4-3.6 "does not require the property be a lawful use under the municipality's zoning ordinance in order to qualify for tax exemption." Society of the Holy Child Jesus v. City of Summit, 418 N.J. Super. 365, 386 (App. Div. 2011). N.J.S.A. 54:4-3.6 "clearly and unambiguously contains no such requirement." Ibid. In Society of the Holy Child Jesus, 23 N.J. Tax 528 (Tax 2007), *rev'd* 418 N.J. Super. 365, the Tax Court addressed whether an otherwise qualifying Catholic school's noncompliance with a

local zoning ordinance that permitted only residential use could disqualify it from an exemption. Id. at 531. The Tax Court noted the similarities from farmland taxation due to a zoning violation and held that property may not receive preferential tax treatment in the form of exemption if its use is in violation of local zoning ordinances. Id. at 535-36. The Appellate Division disagreed and found that the Farmland Assessment Act and tax exemption statute perform different functions: while the Farmland Assessment Act, concurrent with Municipal Land Use Law, exist to reward people that perform a private function to achieve a particular land use objective – the preservation of farmland, the exemption statute does not have a land use objective but instead operates to compensate a property owner for the exempt facility's nonprofit contribution to the public good. Society of the Holy Child Jesus, 418 N.J. Super. At 380. The benefits conferred to the public by the exempt organization do not change merely because of the location of the facility. Id. at 382-83. Thus, if a taxpayer complies with the requirements of N.J.S.A. 54:4-3.6, "it is entitled to the exemption from real property taxes even if the use of the property does not comply with [a] municipal zoning ordinance." Id. at 368.

As a part of its non-profit mission, one of Chai Lifeline's core services is to offer retreats for families with a terminally ill child. Chai Lifeline allows families with children suffering from life-threatening or very serious illnesses to use the subject property and its amenities as a temporary escape from their tragic situation. Chai Lifeline's executive director certifies that the subject property is "stocked with materials designed and intended to draw families in crisis together, such as family board games, toys, and other materials to encourage families to heal, communicate and recuperate." The subject property also includes a swimming pool, walking paths, and other outdoor activities that suffering families can enjoy. Plaintiff has demonstrated a

10

clear need for the use of the subject property as a retreat for parents and siblings of children with life-threatening illnesses.

For all intents and purposes, the Township does not dispute that Chai Lifeline's use of the subject property is "reasonably necessary" to carry out moral and mental improvement objectives. The Township's sole argument with regard to the second prong of the Paper Mill Playhouse test – as well is with regard to this matter in its entirety – is that because the Trial Court and Appellate Division have determined that Chai Lifeline's use of the property is in violation of a zoning ordinance, "the illegal use of the property cannot be deemed actual use" for the purpose of satisfying the exemption statute. This court will not rule in contradiction to the entirely clear and straightforward holding of Society of the Holy Child Jesus. Chai Lifeline has provided and continues to provide services to families with children suffering from life-threatening or very serious illnesses. While these services are provided in violation of a local zoning ordinance, this has no bearing whatsoever on whether Chai Lifeline is entitled to the requested exemption.

Finally, the court finds it necessary to illuminate the puzzling – if not manifestly unfair – approach that the Township has adopted in its dealings with Chai Lifeline concerning the use of the subject property. The Township has by its own volition abstained from acting upon the Trial Court and Appellate Division judgments declaring that use of the subject property violates a zoning ordinance. On one hand, the Township has allowed Chai Lifeline to remain at the subject property and offer its services uninterrupted; on the other, the Township wishes to use the same judgments that it otherwise willfully neglects to deprive Chai Lifeline of property tax exemption. In consideration of all of the aforementioned, the court finds that the subject property is actively and exclusively used by Chai Lifeline for the relevant tax-exempt purpose.

**3. Chai Lifeline's Operation and Use of the Subject Property is Not Conducted for Profit**

Chai Lifeline satisfies the third "not conducted for profit" prong of the Paper Mill Playhouse test without any need for more than cursory analysis. No fees whatsoever are charged to families that use the subject property. All expenses associated with the property are paid for by Chai Lifeline with donors absorbing the full cost of maintenance and management. All expenses associated with the property are paid for by Chai Lifeline. With that, Chai Lifeline has met all three prongs of the Paper Mill Playhouse test. The court holds that Chai Lifeline qualifies for its requested tax exemption.

## CONCLUSION

For the reasons stated above, the Township of Mahwah's motion for summary judgment seeking an Order from this court declaring that plaintiff is not entitled a real property tax exemption under N.J.S.A. 54:4-3.6 is DENIED. Chai Lifeline, Inc.'s cross-motion for summary judgment seeking a tax exemption under N.J.S.A. 54:4-3.6 is GRANTED.

Very truly yours,

Hon. Joseph M. Andresini, P.J.T.C.

12